**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| COLA Resources, Inc.<br>9881 Broken Land Parkway, Suite 200<br>Columbia, MD 21046<br><br>Plaintiff,<br><br>v.<br>CAREPOINT SOLUTIONS, INC.<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION |

Plaintiff COLA Resources, Inc. ("CRI"), by its undersigned counsel, brings this action seeking preliminary and permanent injunctions and damages for trademark infringement and unfair competition arising from defendant's use of the terms "EZ-QCP" and "IQCP MADE EASY" in connection with providing clinical laboratory compliance services.

**PARTIES**

1. CRI is a Maryland corporation with its principal office and place of business at 9881 Broken Land Parkway, Suite 200, Columbia, MD 21046.

2. Defendant CarePoint Solutions, Inc. ("CarePoint") is a Delaware corporation with an office located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808. CarePoint's principal place of business is located at 600 Suffolk Street, Lowell, MA 01854.

**JURISDICTION AND VENUE**

3. This is an action for trademark infringement and unfair competition, brought under 15 U.S.C. §§ 1114(1) and 1125(a).

4. Jurisdiction is based on 28 U.S. C. §§ 1331 and 1338(a) because the matter in controversy involves a federal question, 15 U.S.C. § 1121.

5. Personal jurisdiction is proper in this District as Defendant is a corporation organized and existing under the laws of the State of Delaware.

6. Venue is proper in this District as Defendant is a Delaware corporation.

**BACKGROUND**

7. CRI restates and incorporates by reference as if fully set forth the allegations of paragraphs 1 through 6, inclusive.

8. CRI's parent corporation, COLA, Inc., was founded in 1988 to assist medical laboratories in complying with federal compliance standards. Since that time, COLA has been granted deeming authority under the federal Clinical Laboratory Improvement Amendments (CLIA) and has been recognized by the Joint Commission on Accreditation of Healthcare Organizations.

9. CRI provides educations and consultative services to healthcare professionals in the fields of laboratory medicine, safety, and compliance.

10. CRI currently provides its services to approximately 8,000 medical laboratories, making it the largest private accreditor of medical laboratories in the United States.

11. On September 11, 2013, COLA filed an application in the United States Patent and Trademark Office ("USPTO") to register the trademark QCMADEEZ on the basis of intent to use the mark in connection with clinical laboratory compliance education, training and certification services. Shortly thereafter, COLA assigned the QCMADEEZ mark to CRI.

12. CRI received a certificate of registration for QCMADEEZ on November 25, 2014, based on its first use of the mark in interstate commerce on February 28, 2014. A copy of the registration is attached hereto as Exhibit A.

13. CRI uses the QCMADEEZ in connection with providing its clinical laboratory compliance education, training and certification services as follows:




14. CRI also began using the unregistered mark IQCP E-OPTIMIZER on or about February 28, 2014, in connection with providing its clinical laboratory compliance education, training and certification services. IQCP refers to Individual Quality Control Plan, an alternative quality control option provided under the CLIA that encourages development of specific and targeted laboratory testing procedures.

15. CRI sometimes uses IQCP E-OPTIMIZER together with the register QCMADEEZ as follows:




16. CRI has maintained consistent use in interstate commerce of its QCMADEEZ mark for more two (2) years. It has invested significant resources into building the QCMADEEZ brands for its online and print publications and its education and training services in the field of clinical laboratory compliance and safety, and it is entitled to benefit from the recognition and goodwill associated with the use of its marks.

17. Defendant CarePoint provides a web-based subscription software that facilitates the creation of IQCPs that incorporates accreditation requirements to ensure compliance with one of the three (3) accreditation entities. COLA is one of those accreditation entities.

17. On December 24, 2013, CarePoint filed an application in the USPTO to register the term EZ-QCP, U.S. Ser. No. 86152144, on the basis of intent to use in connection with "online, web-based services that facilitate creation of individualized quality control plans." That application was refused registration on the basis of likelihood of consumer confusion with two existing registrations. When CarePoint failed to respond to the refusal to register, the application was abandoned on November 4, 2014.

18. Despite the refusal to register EZ-QCP, CarePoint continues to use the term EZ-QCP in connection with providing its laboratory compliance services.

19. Upon information and belief, in or about August 2015, CarePoint began using the phrase "IQCP MADE EASY" in connection with its laboratory compliance services, appearing as following on its website at www.ezqcp.com:




20. CarePoint sometimes displays the terms IQCP MADE EASY together with "EZ-QCP:"




These terms appear on CarePoint's website located at www.carepointsolutions.com.

21. In or about December 2015, CRI learned that CarePoint was using IQCP MADE EASY and EZ-QCP IQCP MADE EASY. On or about January 11, 2016, COLA sent a letter via

Federal Express to CarePoint requesting that it cease all use of the terms "MADE EASY" together with QC and IQCP in connection with providing laboratory compliance services. The letter was returned as undeliverable. A copy of that letter is attached hereto and made a part hereof as Exhibit B.

22. On or about January 22, 2016, COLA again sent its letter via email and United States Mail to CarePoint. The mailed letter was returned as not deliverable as addressed.

23. CarePoint did not respond to COLA's request. However, it appears to have received the letter by email because it subsequently posted a "Marks and Trademarks" page on its website at www.carepointsolutions.com/trademarks, where it claims copyright protection of the phrase "IQCP MADE EASY" as of 2015. A copy of that web page is attached hereto and made a part hereof as Exhibit C.

**COUNT I**

(Trademark Infringement)

24. CRI restates and incorporates by reference as if fully set forth the allegations of paragraphs 1 through 23, inclusive.

25. CarePoint is using the tag line IQCP MADE EASY to market and sell laboratory compliance services. The terms "IQCP" and "MADE EASY" are nearly identical in sight, sound, and commercial meaning to CRI's registered and long-standing use of its QCMADEEZ mark.

26. CarePoint's services are identical or highly related to the and services provided by CRI.

27. CarePoint markets and provides its services in the same channels of trade and to the same consumers as does CRI. Medical office and laboratory clinical staff and administrative

personnel use laboratory compliance services to facilitate the development and implementation of laboratory testing conditions that meet federal standards.

28. CarePoint's use of IQCP MADE EASY is likely to cause confusion, mistake, or deception in the minds of consumers as to the source of those services.

29. CarePoint's use of IQCP MADE EASY infringes on CRI's right to exclusive use of its QCMADEEZ registered mark in connection with providing its services, in violation of 15 U.S.C. §§ 1114.

**COUNT II**

(Unfair Competition)

30. CRI restates and incorporates by reference as if fully set forth the allegations of paragraphs 1 through 29, inclusive.

31. Defendant's use of IQCP MADE EASY infringes on CRI's right to exclusive use of its QCMADEEZ mark in connection with providing services related to developing and implementing compliant laboratory testing conditions, in violation of 15 U.S.C. §§ 1125.

WHEREFORE, CRI prays that this Court enter an order granting the following relief:

A. A preliminary and permanent injunction against CarePoint's use of the terms IQCP MADE EASY in connection with clinical laboratory compliance services;

B. An award of damages against CarePoint for trademark infringement in the amount of the revenues received by Defendant in connection with providing its services under the phrase "IQCP MADE EASY;"

C. An award of reasonable attorneys' fees and costs for this action; and

D. Such other and further relief as this Court deems just and proper.

**SAUL EWING LLP**

/s/ *Gerard M. Clodomir*
Gerard M. Clodomir (#5467)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
gclodomir@saul.com

*Counsel for Plaintiff*

*Of Counsel:*

Sherry H. Flax
SAUL EWING LLP
500 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 332-8784
Facsimile: (410) 332-8785
SFlax@saul.com

April 1, 2016